Erika A. Heath (SBN 304683)
**ERIKA HEATH, ATTORNEY AT LAW**
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone: (415) 426-7850
erika@heathlegal.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DILLON MALIN,** | Case No.  3:19-cv-7788 |
| **Plaintiff,** | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** |
| **v.** | |
| **CHECKR, INC.** | |
| **Defendant.** | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b). Pursuant to L.R. 3-2(c)-(d), this case should be assigned to the San Francisco

Division of this Court because a substantial part of the events or omissions which gave rise to the lawsuit occurred in San Francisco County.

## PARTIES

4.    Plaintiff Dillan Milan is an adult individual residing in Medford, OR.

5.    Defendant Checkr is a business entity that regularly conducts business in the Northern District of California, and which has its headquarters and a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

## FACTUAL ALLEGATIONS

6.    Plaintiff has been employed as a driver with Uber Technologies, Inc. ("Uber") since at least August 2019.

7.    As part of Uber's routine review of its drivers, Uber requested a consumer report from Checkr, and Checkr sold to Uber a consumer report concerning Plaintiff in or around October 2019.

8.    Uber contracts with Checkr to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9.    The consumer report supplied by Checkr contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Uber.

10.    Defendant Checkr has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11.    The inaccurate information includes, but is not limited to, a record of an arrest and booking dated October 3, 2019. This inaccurate record appears on the consumer report Checkr sold about Plaintiff to Uber as follows: "Oct 3, 2019 Oregon DOC Booking Number 18027005 MARION County OR Full Name DILLON SCOTT MALIN YOB 1991 Charge Code 163175."

12.    The inaccurate information grossly disparages the Plaintiff and portrays him as being arrested and charged with a crime on October 3, 2019.

13.    Despite the fact that Plaintiff was not arrested on October 3, 2019, and Marion County, Oregon records confirm that he was not arrested, Defendant Checkr nevertheless sold Plaintiff's employer a consumer report that contained the inaccurate information.

14.    Plaintiff was subsequently suspended from his employment at Uber, was unable to continue to drive for Uber, and Plaintiff was informed by Uber that the basis for this suspension was the inclusion of the inaccurate criminal information on Plaintiff's Checkr consumer report, and that the inaccurate information was a substantial factor for the denial and suspension.

15.    Here, Uber used the Checkr report in its determination about Plaintiff's eligibility for employment and on or around October 4, 2019, Uber deemed that the Plaintiff was ineligible for employment, and immediately suspended Plaintiff's employment due to the inaccurate information contained in the Checkr report.

16.    As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

17.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

//

## COUNT ONE

### VIOLATIONS OF THE FCRA

19.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.     At all times pertinent hereto, Defendant Checkr is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

24.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

COMPLAINT
DEMAND FOR JURY TRIAL

1     (d)     Costs and reasonable attorney's fees; and

2     (e)     Such other and further relief as may be necessary, just and

3             proper.

4

5   Dated:  November 27, 2019               Respectfully submitted,

6

7                                    BY:    */s/ Erika Heath*_____

8                                           ERIKA A. HEATH, ESQ.
                                            *Attorney for Plaintiff*
9

COMPLAINT
DEMAND FOR JURY TRIAL

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues.


Dated:  November 27, 2019                Respectfully submitted,


                                         BY:    */s/ Erika Heath*_____
                                                ERIKA A. HEATH, ESQ.
                                                *Attorney for Plaintiff*

COMPLAINT
DEMAND FOR JURY TRIAL